**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JUAN MEXICANO, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| UNKNOWN CITY OF CHICAGO POLICE | ) | |
| OFFICER, individually and as an agent of the | ) | |
| CITY OF CHICAGO, UNKNOWN CITY OF | ) | |
| CHICAGO POLICE SUPERVISOR, BADGE | ) | |
| NUMBER 254, individually and as an agent of the | ) | |
| CITY OF CHICAGO, and the CITY OF | ) | |
| CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, JUAN MEXICANO by and through his attorneys, THE

DERATANY FIRM, and complains of the Defendants, UNKNOWN CITY OF CHICAGO

POLICE OFFICER, individually and as an agent of the CITY OF CHICAGO, UNKNOWN

CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254, individually and as an

agent of the CITY OF CHICAGO, and the CITY OF CHICAGO and in support thereof states as

follows:

**PARTIES**

  1.  That on October 6, 2013, Plaintiff resided at 4359 Fairfield Ave., Chicago, IL

60601

  2.  That on October 6, 2013, the Defendant CITY OF CHICAGO was a municipal

corporation organized under the laws of the State of Illinois which was responsible for the

policies, procedures, and practices implemented through its various agencies, agents,

1

departments, and employees, and for injury occasioned thereby.

3.      That on October 6, 2013, the Defendant CITY OF CHICAGO commissioned and operated a municipal police agency, known commonly as the Chicago Police Department.

4.      That on October 6, 2013, the Defendant CITY OF CHICAGO employed as its police officers UNKNOWN CITY OF CHICAGO POLICE OFFICER and UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254.

## JURISDICTION AND VENUE

5.      This cause of action arises from the collective Defendants' violation of the Plaintiff's Fourth Amendment Civil Rights as they are incorporated against the State of Illinois, its municipalities, and their employees under the Fourteenth Amendment to the United States Constitution.

6.      Jurisdiction is appropriate because this cause of action is brought pursuant to 28 U.S.C. § 1331 as a federal constitutional question under 42 U.S.C. § 1983.

7.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because the Defendants are residents and municipal entities in Northern District of Illinois, the Plaintiff is a resident of Northern District of Illinois, and the events occurred in the Northern District of Illinois.

## STATEMENT OF FACTS

8      That on October 6, 2013, the Plaintiff was sitting in his motor vehicle with his wife and two children as that vehicle was parked in front of his residence at approximately 11:45 p.m.

9.      That on October 6, 2013 at approximately 11:45 p.m., the Plaintiff was not engaging in any criminal action or illegal conduct nor was he acting in a manner that would

2

suggest he was engaging in criminal or illegal activities.

10.     That on October 6, 2013 at approximately 11:45 p.m., the Plaintiff's vehicle was blocked in the front and the rear by two unmarked Chicago Police Department squad cars which were operated by four unknown police officers, including Defendant UNKNOWN CITY OF CHICAGO POLICE OFFICER, and UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254.

11.     These four unknown police officers, including Defendants UNKNOWN CITY OF CHICAGO POLICE OFFICER and UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254, were employees of the Defendant CITY OF CHICAGO through its police agency, the Chicago Police Department, and served the Defendant CITY OF CHICAGO as agents, employees, or apparent agents in the scope of their employment at all times relevant.

12.     That on October 6, 2013 at approximately 11:45 p.m., Defendant UNKNOWN CITY OF CHICAGO POLICE OFFICER approached the driver's side window of Plaintiff's vehicle.

13.     That, upon seeing a dashboard camera in Plaintiff's vehicle, Defendant UNKNOWN CITY OF CHICAGO POLICE OFFICER commanded that the Plaintiff turn the camera off.

14.     That after the Plaintiff turned the camera off, Defendant UNKNOWN CITY OF CHICAGO POLICE OFFICER reached inside the Plaintiff's vehicle, removed the camera, and destroyed it without Plaintiff's permission or consent.

15.     That Defendant UNKNOWN CITY OF CHICAGO POLICE OFFICER then commanded the Plaintiff and his wife to exit the Plaintiff's vehicle.

16.     That Defendant UNKNOWN CITY OF CHICAGO POLICE OFFICER detained the Plaintiff and subjected the Plaintiff to a full physical search, reaching into his pockets to remove items, including the Plaintiff's cell phone.

17.     That throughout Defendant UNKNOWN CITY OF CHICAGO POLICE OFFICER's search, the Plaintiff repeatedly reiterated that he was not consenting to a search.

18.     That throughout Defendant UNKNOWN CITY OF CHICAGO POLICE OFFICER's search, the Plaintiff made no attempt to resist the search and detention.

19.     That during Defendant UNKNOWN CITY OF CHICAGO POLICE OFFICER's search, the Plaintiff requested that his wife call 911.

20.     That, in response to the request that his wife call 911, Defendant UNKNOWN CITY OF CHICAGO POLICE OFFICER reached between the Plaintiffs legs, grabbed his testicles, and attempted to crush them with his hand. While he did this, Defendant UNKNOWN CITY OF CHICAGO POLICE OFFICER stated that the Plaintiff should "shut the fuck up."

21.     That another of the unknown police officers took possession of the Plaintiff's wife's cell phone.

22.     That the Plaintiff was then handcuffed.

23.     That Defendants UNKNOWN CITY OF CHICAGO POLICE OFFICER and UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254 then threatened to take the following actions against the Plaintiff:

    a.  Arrest him on fabricated and false charges of domestic abuse;

    b.  Arrest him on fabricated and false charges of public intoxication or driving while intoxicated;

    c.   Place drugs on his person and arrest him on fabricated and false charges of possession of drugs;

    d.   Take physically violent action against him including spraying him with a can of mace while handcuffed; and

    e.   Attempt to deport him from the United States.

24.    That Defendant UNKNOWN CITY OF CHICAGO POLICE OFFICER repeatedly told the Plaintiff to "be cool" and that unless he was "cool" that "something bad might happen to you."

25.    That Defendant UNKNOWN CITY OF CHICAGO POLICE OFFICER and Defendant UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254 responded to the Plaintiffs repeated complaints of pain in his testicles by telling him to "shut the fuck up" or to "shut up motherfucker."

26.    The four unknown police officers, including Defendant UNKNOWN CITY OF CHICAGO POLICE OFFICER and Defendant UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254, then removed the handcuffs from the Plaintiff, re-entered their vehicles, and left the scene of the occurrence.

**COUNT I: VIOLATION OF CIVIL RIGHTS THROUGH
USE OF EXCESSIVE AND UNNECESSARY FORCE AGAINST
DEFENDANT UNKNOWN CITY OF CHICAGO POLICE OFFICER AND
DEFENDANT UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE
NUMBER 254**

27.    Plaintiff readopts and realleges paragraphs one through twenty-six as though specifically restated as paragraphs one through twenty-six of Count I.

28.    That at all times relevant there was in effect the Fourth Amendment to the United States Constitution which protects against unreasonable searches and seizures of persons and

property, including the use of unreasonable and excessive force.

29.     That at all times relevant the protections of the Fourth Amendment to the United States Constitution were applied to the states through the Fourteenth Amendment to the United States Constitution.

30.     This Count is brought pursuant to 42 U.S.C. Sec. 1983, through which the Circuit Court of Cook County may exercise jurisdiction through *Haywood v. Drown*, 556 U.S. 729, 731 (2009).

31.     That 42 U.S.C. Sec. 1983 provides for a cause of action for money damages for violations of individual civil rights protected in the U.S. Constitution when those civil rights are violated by an individual acting on behalf of a state or federal governmental body.

32.     That at all times relevant, the Plaintiff cooperated with the four unknown police officers, including Defendants UNKNOWN CITY OF CHICAGO POLICE OFFICER and UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254, and did not in any way resist detention or search.

33.     That at no time during the aforementioned detention and search did the Plaintiff engage in any act which would warrant the application of force to subdue him.

34.     That Defendant UNKNOWN CITY OF CHICAGO POLICE OFFICER did not need to apply physical force to detain and search the Plaintiff or to prevent his escape.

35.     That Defendant UNKNOWN CITY OF CHICAGO POLICE OFFICER had no reasonable or rational basis under the law through which to grab the Plaintiffs testicles in his hand and to attempt to crush them.

36.     That Defendant UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254 did nothing to prevent the application of excessive force despite his duty

to do so as supervisor and, in fact, encouraged this act by making threats against the Plaintiff and telling him to "shut up."

37.     That the application of such force was entirely unwarranted and unreasonable within the bound of the Fourth Amendment.

38.     That the application of such force violated the Plaintiff's Fourth Amendment Rights.

39.     That the application of such force caused the Plaintiff personal and pecuniary injuries of a severe and permanent nature for which he expended great sums of money for medical care.

40.     That 42 U.S.C. Sec. 1983 allows for the collection of attorney's fees by a plaintiff's attorney from the defendant for a cause of action based on a civil rights violation.

WHEREFORE, Plaintiff, JUAN MEXICANO, demands judgment in his favor and against the Defendants, UNKNOWN CITY OF CHICAGO POLICE OFFICER and UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254, awarding Plaintiff compensatory damages, attorneys' fees, punitive damages, the costs of this suit, and any other relief this Court deems just and appropriate.

## COUNT II: VIOLATION OF CIVIL RIGHTS THROUGH UNREASONABLE AND UNNECESSARY SEARCH AND SEIZURE OF THE PLAINTIFF'S PERSON AGAINST DEFENDANT UNKNOWN CITY OF CHICAGO POLICE OFFICER AND DEFENDANT UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254

27.     Plaintiff readopts and realleges paragraphs one through twenty-six as though specifically restated as paragraphs one through twenty-six of Count II.

28.     That at all times relevant there was in effect the Fourth Amendment to the United States Constitution which protects against unreasonable searches and seizures of persons and

property.

29.     That at all times relevant the protections of the Fourth Amendment to the United States Constitution were applied to the states through the Fourteenth Amendment to the United States Constitution.

30.     This Count is brought pursuant to 42 U.S.C. Sec. 1983, through which the Circuit Court of Cook County may exercise jurisdiction through *Haywood v. Drown*, 556 U.S. 729, 731 (2009).

31.     That 42 U.S.C. Sec. 1983 provides for a cause of action for money damages for violations of individual civil rights protected in the U.S. Constitution when those civil rights are violated by an individual acting on behalf of a state or federal governmental body.

32.     That at all times relevant, the Plaintiff acted as a law abiding citizen and refrained from criminal and illegal conduct and any activities which may be construed as criminal or illegal conduct.

33.     That none of the four police officers, including Defendants UNKNOWN CITY OF CHICAGO POLICE OFFICER and UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254, had sufficient probable cause or sufficient reasonable suspicion of criminal conduct to request that the Plaintiff exit his vehicle, be detained, and be subjected to a full search.

34.     That at no time did the Plaintiff consent to such a search or detention.

35.     That UNKNOWN CITY OF CHICAGO POLICE OFFICER had no reasonable basis for the detention and search.

36.     That Defendant UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254 did nothing to prevent the unreasonable and unwarranted search despite

his duty to do so as supervisor and, in fact, encouraged this act by making threats against the Plaintiff and telling him to "shut up."

37.     That the aforementioned detention and search violated the Plaintiff's Fourth Amendment Rights.

38.     That 42 U.S.C. Sec. 1983 allows for the collection of attorney's fees by a plaintiff's attorney from the defendant for a cause of action based on a civil rights violation.

WHEREFORE, Plaintiff, JUAN MEXICANO, demands judgment in his favor and against the Defendants, UNKNOWN CITY OF CHICAGO POLICE OFFICER and UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254, awarding Plaintiff compensatory damages, attorneys' fees, punitive damages, the costs of this suit, and any other relief this Court deems just and appropriate.

## COUNT III: STATE LAW CLAIM BATTERY AGAINST DEFENDANT UNKNOWN CITY OF CHICAGO POLICE OFFICER AND DEFENDANT UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254

27.     Plaintiff readopts and realleges paragraphs one through twenty-six as though specifically restated as paragraphs one through twenty-six of Count III.

28.     That UNKNOWN CITY OF CHICAGO POLICE OFFICER placed his hands on the Plaintiff in an offensive and excessive way when he searched the Plaintiff's person, removed items from his pockets, and squeezed his testicles with crushing force.

29.     That such touching was not requested, was not consented to, was not welcome, and was not warranted within the aforesaid UNKNOWN CITY OF CHICAGO POLICE OFFICER's  powers as a police officer.

30.     That such touching would greatly offend the sensibilities of a reasonable person.

9

31.     That Defendant UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254 did nothing to prevent this battery despite his duty to do so as supervisor and, in fact, encouraged this act by making threats against the Plaintiff and telling him to "shut up."

32.     Such unwarranted and excessive physical contact constitutes a battery which did cause the Plaintiff offense and physical injuries of a permanent, personal, and pecuniary nature for which the Plaintiff expended large sums of money for medical care.

WHEREFORE, Plaintiff, JUAN MEXICANO, demands judgment in his favor and against the Defendants, UNKNOWN CITY OF CHICAGO POLICE OFFICER and UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254, awarding Plaintiff compensatory damages, attorneys' fees, punitive damages, the costs of this suit, and any other relief this Court deems just and appropriate.

## COUNT IV: STATE LAW CLAIM ASSAULT AGAINST DEFENDANT UNKNOWN CITY OF CHICAGO POLICE OFFICER AND DEFENDANT UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254

27.     Plaintiff readopts and realleges paragraphs one through twenty-six as though specifically restated as paragraphs one through twenty-six of Count IV.

28.     That the Defendants, UNKNOWN CITY OF CHICAGO POLICE OFFICER and UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254 both threatened immediate physical and legal harm against the Plaintiff, including:

    a.  Deportation;

    b.  Filing falsified and fabricated charges of domestic abuse against his wife;

    c.  Filing falsified and fabricated charges of public intoxication or driving under the influence;

d.  Planting drugs on the Plaintiff and filing falsified and fabricated charges of drug possession against him; and

e.  Spraying him with mace.

29.  That these threats were made with the intent of intimidating the Plaintiff so that he would not report the improper search and seizure or battery by excessive force discussed in detail in Counts I – III.

30.  That these threats did in fact intimidate the Plaintiff and lead him to fear for his immediate physical well-being.

31.  That these intimidating threats constitute assault against the Plaintiff by Defendants, UNKNOWN CITY OF CHICAGO POLICE OFFICER and UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254.

WHEREFORE, Plaintiff, JUAN MEXICANO, demands judgment in his favor and against the Defendants, UNKNOWN CITY OF CHICAGO POLICE OFFICER and UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254, awarding Plaintiff compensatory damages, attorneys' fees, punitive damages, the costs of this suit, and any other relief this Court deems just and appropriate.

**COUNT V: FALSE ARREST AGAINST DEFENDANT UNKNOWN CITY OF CHICAGO POLICE OFFICER AND DEFENDANT UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254**

27.  Plaintiff readopts and realleges paragraphs one through twenty-six as though specifically restated as paragraphs one through twenty-six of Count V.

28.  That during the times relevant, the Plaintiff was removed from his vehicle, searched, handcuffed, and detained by Defendants UNKNOWN CITY OF CHICAGO POLICE

11

OFFICER and UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254.

29.     That at all times relevant, the Plaintiff acted as a law abiding citizen and refrained from criminal and illegal conduct and any activities which may be construed as criminal or illegal conduct.

30.     That Defendants UNKNOWN CITY OF CHICAGO POLICE OFFICER and UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254 had neither sufficient probable cause nor sufficient reasonable suspicion of criminal conduct to request that the Plaintiff exit his vehicle and be subjected to a full search.

31.     That at no time did the Plaintiff consent to such a search or detention.

32.     That UNKNOWN CITY OF CHICAGO POLICE OFFICER and UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254 had no reasonable basis for the detention and search.

33.     That during the detention, search, and handcuffing, the Plaintiff was limited in his movements and forced to remain in a fixed area.

34.     That this detention, search, and handcuffing thus constituted a false arrest without a sufficient basis to warrant such a false arrest.

WHEREFORE, Plaintiff, JUAN MEXICANO, demands judgment in his favor and against the Defendants, UNKNOWN CITY OF CHICAGO POLICE OFFICER and UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254, awarding Plaintiff compensatory damages, attorneys' fees, punitive damages, the costs of this suit, and any other relief this Court deems just and appropriate.

## COUNT VI: STATE LAW CLAIM RESPONDEAT SUPERIOR AGAINST DEFENDANT CITY OF CHICAGO

27.    Plaintiff readopts and realleges paragraphs one through twenty-six as though specifically restated as paragraphs one through twenty-six of Count VI.

28.    That during the times relevant, the Defendants UNKNOWN CITY OF CHICAGO POLICE OFFICER and UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254, in committing the acts alleged, were a member of, and agent of, the City of Chicago Police Department, acting within the scope of their employment.

29.    Defendant City of Chicago is liable for all torts committed by its employees and agents.

WHEREFORE, Plaintiff, JUAN MEXICANO, demands judgment in his favor and against the Defendant CITY OF CHICAGO, awarding Plaintiff compensatory damages, attorneys' fees, the costs of this suit, and any other relief this Court deems just and appropriate.

## COUNT VII: STATE LAW CLAIM INDEMNIFICATION AGAINST DEFENDANT CITY OF CHICAGO

27.    Plaintiff readopts and realleges paragraphs one through twenty-six as though specifically restated as paragraphs one through twenty-six of Count VII.

28.    That the law of Illinois provides that public entities are directed to pay any tort judgment for compensatory damages for which the public entities' employees are liable within the scope of their employment activities.

29.    Defendants, UNKNOWN CITY OF CHICAGO POLICE OFFICER and UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254, in committing the acts alleged, were a member of, and agent of , the City of Chicago Police Department, acting within the scope of their employment.

13

WHEREFORE, Plaintiff, JUAN MEXICANO, demands judgment in his favor and against the Defendant CITY OF CHICAGO, awarding Plaintiff compensatory damages, attorneys' fees, the costs of this suit, and any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury pursuant to Federal Rule of civil Procedure 38(b) on any issue so triable.

Respectfully submitted,

s/Gregory J. Olmstead
Gregory J. Olmstead
Attorney for Plaintiff
THE DERATANY FIRM
221 North LaSalle Street
Suite 2200
Chicago, IL 60601
(312) 857-7285
olmstead@lawinjury.com