**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JUAN MEXICANO, | ) | |
| | ) | Case No. 14 CV 7782 |
| Plaintiff, | ) | |
| | ) | JUDGE KOCORAS |
| v. | ) | |
| | ) | |
| UNKNOWN CITY OF CHICAGO POLICE OFFICER, individually and as an agent of the CITY OF CHICAGO, UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254, individually and as an agent of the CITY OF CHICAGO, and the CITY OF CHICAGO, | ) ) ) ) ) ) ) ) | **JURY DEMAND** |
| Defendants. | ) | |

## DEFENDANT CITY OF CHICAGO'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND

Defendant City of Chicago ("the City"), by one of its attorneys, Kristin M. Pinkston, Assistant Corporation Counsel of the City of Chicago, for its answer, affirmative defenses, and jury demand, states:

## PARTIES

1. That on October 6, 2013, Plaintiff resided at 4359 Fairfield Ave., Chicago, IL 60601.

**ANSWER**: The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. That on October 6, 2013, the Defendant CITY OF CHICAGO was a municipal corporation organized under the laws of the State of Illinois which was responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby.

**ANSWER**: The City admits that it is a municipal corporation organized under Illinois law, but

denies that the remaining allegations contained in this paragraph are an accurate statement of the law and therefore denies the remaining allegations.

3. That on October 6, 2013, the Defendant CITY OF CHICAGO commissioned and operated a municipal police agency, known commonly as the Chicago Police Department.

**ANSWER**: The City admits the allegations contained in this paragraph.

4. That on October 6, 2013, the Defendant CITY OF CHICAGO employed as its police officers UNKNOWN CITY OF CHICAGO POLICE OFFICER and UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254.

**ANSWER**: Upon information and belief, the City admits that it employed an officer with badge number 254 on October 6, 2013, but lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in this paragraph.

## JURISDICTION AND VENUE

5. This cause of action arises from the collective Defendants' violation of the Plaintiff's Fourth Amendment Civil Rights as they are incorporated against the State of Illinois, its municipalities, and their employees under the Fourteenth Amendment to the United States Constitution.

**ANSWER**: The City, upon information and belief, denies the alleged violation of Plaintiff's Fourth Amendment rights and, therefore, denies the remaining allegations contained in this paragraph.

6. Jurisdiction is appropriate because this cause of action is brought pursuant to 28 U.S.C. § 1331 as a federal constitutional question under 42 U.S.C. § 1983.

**ANSWER**: The City admits that jurisdiction is proper.

7. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because the Defendants are residents and municipal entities in Northern District of Illinois, the Plaintiff is a resident of Northern District of Illinois, and the events occurred in the Northern District of Illinois.

**ANSWER**: The City admits that venue is proper.

## STATEMENT OF FACTS

8. That on October 6, 2013, the Plaintiff was sitting in his motor vehicle with his wife and two children as that vehicle was parked in front of his residence at approximately 11:45 p.m.

**ANSWER**: Upon information and belief, the City admits that Plaintiff was sitting with a woman in a motor vehicle at approximately 11:30 p.m. on October 6, 2013. The City lacks knowledge or information sufficient to form a belief as to the woman's relationship to Plaintiff, if any, and denies the remaining allegations contained in this paragraph.

9. That on October 6, 2013 at approximately 11:45 p.m., the Plaintiff was not engaging in any criminal action or illegal conduct nor was he acting in a manner that would suggest he was engaging in criminal or illegal activities.

**ANSWER**: Upon information and belief, the City denies the allegations contained in this paragraph.

10. That on October 6, 2013, at approximately 11:45 p.m., the Plaintiff's vehicle was blocked in the front and the rear by two unmarked Chicago Police Department squad cars which were operated by four unknown police officers, including Defendant UNKNOWN CITY OF CHICAGO POLICE OFFICER, and UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254.

**ANSWER**: Upon information and belief, the City denies the allegations contained in this paragraph.

11. These four unknown police officers, including Defendants UNKNOWN CITY OF CHICAGO POLICE OFFICER and UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254, were employees of the Defendant CITY OF CHICAGO through its police agency, the Chicago Police Department, and served the Defendant CITY OF CHICAGO as agents, employees, or apparent agents in the scope of their employment at all times relevant.

**ANSWER**: Upon information and belief, the City admits the allegations contained in this paragraph as to the officer with badge number 254, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

12. That on October 6, 2013 at approximately 11:45 p.m., Defendant UNKNOWN CITY OF CHICAGO POLICE OFFICER approached the driver's side window of Plaintiff's

vehicle.

**ANSWER**: Upon information and belief, the City admits that an officer approached the driver's side window of Plaintiff's vehicle on October 6, 2013 at approximately 11:30 p.m., but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

13. That, upon seeing a dashboard camera in Plaintiff's vehicle, Defendant UNKNOWN CITY OF CHICAGO POLICE OFFICER commanded that the Plaintiff turn the camera off.

**ANSWER**: Upon information and belief, the City denies the allegations contained in this paragraph.

14. That after the Plaintiff turned the camera off, Defendant UNKNOWN CITY OF CHICAGO POLICE OFFICER reached inside the Plaintiff's vehicle, removed the camera, and destroyed it without Plaintiff's permission or consent.

**ANSWER**: Upon information and belief, the City denies the allegations contained in this paragraph.

15. That Defendant UNKNOWN CITY OF CHICAGO POLICE OFFICER then commanded the Plaintiff and his wife to exit the Plaintiff's vehicle.

**ANSWER**: Upon information and belief, the City admits that the officer who approached the driver's side of the vehicle ordered the Plaintiff to exit the vehicle but denies the remaining allegations contained in this paragraph.

16. That Defendant UNKNOWN CITY OF CHICAGO POLICE OFFICER detained the Plaintiff and subjected the Plaintiff to a full physical search, reaching into his pockets to remove items, including the Plaintiff's cell phone.

**ANSWER**: Upon information and belief, the City denies the allegations contained in this paragraph.

17. That throughout Defendant UNKNOWN CITY OF CHICAGO POLICE OFFICER'S search, the Plaintiff repeatedly reiterated that he was not consenting to a search.

**ANSWER**: The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18. That throughout Defendant UNKNOWN CITY OF CHICAGO POLICE OFFICER's search, the Plaintiff made no attempt to resist the search and detention.

**ANSWER**: Upon information and belief, the City denies the allegations contained in this paragraph.

19. That during Defendant UNKNOWN CITY OF CHICAGO POLICE OFFICER's search, the Plaintiff requested that his wife call 911.

**ANSWER**: The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20. That, in response to the request that his wife call 911, Defendant UNKNOWN CITY OF CHICAGO POLICE OFFICER reached between the Plaintiffs legs, grabbed his testicles, and attempted to crush them with his hand. While he did this, Defendant UNKNOWN CITY OF CHICAGO POLICE OFFICER stated that the Plaintiff should "shut the fuck up."

**ANSWER**: Upon information and belief, the City denies that an officer engaged in the alleged physical contact and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

21. That another of the unknown police officers took possession of the Plaintiff's wife's cell phone.

**ANSWER**: The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

22. That the Plaintiff was then handcuffed.

**ANSWER**: The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

23. That Defendants UNKNOWN CITY OF CHICAGO POLICE OFFICER and UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254 then

threatened to take the following actions against the Plaintiff:

    a.    Arrest him on fabricated and false charges of domestic abuse;
    b.    Arrest him on fabricated and false charges of public intoxication or driving while intoxicated;
    c.    Place drugs on his person and arrest him on fabricated and false charges of possession of drugs;
    d.    Take physically violent action against him including spraying him with a can of mace while handcuffed; and
    e.    Attempt to deport him from the United States.

**ANSWER**: Upon information and belief, the City denies the allegations contained in this paragraph as to the officer with badge number 254 and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

24. That Defendant UNKNOWN CITY OF CHICAGO POLICE OFFICER repeatedly told the Plaintiff to "be cool" and that unless he was "cool" that something bad might happen to you.

**ANSWER**: Upon information and belief, the City admits that an officer told Plaintiff something to the effect of "be cool", but denies the remaining allegations contained in this paragraph.

25. That Defendant UNKNOWN CITY OF CHICAGO POLICE OFFICER and Defendant UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254 responded to the Plaintiffs repeated complaints of pain in his testicles by telling him to "shut the fuck up" or to "shut up motherfucker."

**ANSWER**: Upon information and belief, the City denies the allegations contained in this paragraph as to the officer with badge number 254 and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

26. The four unknown police officers, including Defendant UNKNOWN CITY OF CHICAGO POLICE OFFICER and UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254, then removed the handcuffs from the Plaintiff, re-entered their vehicles, and left the scene of the occurrence.

**ANSWER**: Upon information and belief, the City admits that the officer with badge number

254 eventually reentered his vehicle and left the scene, but denies that he removed handcuffs from Plaintiff and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

## COUNT I: VIOLATION OF CIVIL RIGHTS THROUGH USE OF EXCESSIVE FORCE AND UNNECESSARY FORCE AGAINST DEFENDANT UNKNOWN CITY OF CHICAGO POLICE OFFICER AND DEFENDANT UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254

27. Plaintiff re-adopts and re-alleges paragraphs one through twenty-six as though specifically restated as paragraphs one through twenty-six of Count I.

**ANSWER**: The City reasserts its answers to the preceding paragraphs one through twenty six (1-26) and incorporates those answers herein, as though fully stated.

28. That at all times relevant there was in effect the Fourth Amendment to the United States Constitution which protects against unreasonable searches and seizures of persons and property, including the use of unreasonable and excessive force.

**ANSWER**: The City admits that the Fourth Amendment prohibits unreasonable searches and seizures, but denies that this paragraph is a complete and accurate statement of the law.

29. That at all times relevant the protections of the Fourth Amendment to the United States Constitution were applied to the states through the Fourteenth Amendment to the United States Constitution.

**ANSWER**: The City admits the allegations contained in this paragraph.

30. This Count is brought pursuant to 42 U.S.C. Sec. 1983, through which the Circuit Court of Cook County may exercise jurisdiction through *Haywood v. Drown*, 556 U.S. 729, 731 (2009).

**ANSWER**: The City admits that this count is brought pursuant to 42 U.S.C. § 1983, but denies that the remaining allegations are a complete and accurate statement of the holding in *Haywood v. Drown*.

31. That 42 U.S.C. Sec. 1983 provides for a cause of action for money damages for violations of individual civil rights protected in the U.S. Constitution when those civil rights are violated by an individual acting on behalf of a state or federal governmental body.

**ANSWER**: The City denies that the allegations contained in this paragraph are an accurate statement of the law and, therefore, denies the allegations contained in this paragraph.

32. That at all times relevant, the Plaintiff cooperated with the four unknown police officers, including Defendants UNKNOWN CITY OF CHICAGO POLICE OFFICER and UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254, and did not in any way resist detention or search.

**ANSWER**: Upon information and belief, the City denies the allegations contained in this paragraph as to the officer with badge number 254 and lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in this paragraph.

33. That at no time during the aforementioned detention and search did the Plaintiff engage in any act that would warrant the application of force to subdue him.

**ANSWER**: Upon information and belief, the City denies the allegations contained in this paragraph.

34. That Defendant UNKNOWN CITY OF CHICAGO POLICE OFFICER did not need to apply physical force to detain and search the Plaintiff or to prevent his escape.

**ANSWER**: The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

35. That Defendant UNKNOWN CITY OF CHICAGO POLICE OFFICER had no reasonable or rational basis under the law through which to grab the Plaintiffs testicles in his hand and to attempt to crush them.

**ANSWER**: Upon information and belief, the City denies that an officer grabbed Plaintiff's testicles and attempted to crush them and, therefore, denies the remaining allegations contained in this paragraph.

36. That Defendant UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254 did nothing to prevent the application of excessive force despite his duty to do so as supervisor and, in fact, encouraged this act by making threats against the Plaintiff and telling him to "shut up."

**ANSWER**: Upon information and belief, the City denies the use of excessive force and denies the remaining allegations contained in this paragraph.

37. That the application of such force was entirely unwarranted and unreasonable within the bound of the Fourth Amendment.

**ANSWER**: Upon information and belief, the City denies the alleged use of force and, therefore, denies the remaining allegations contained in this paragraph.

38. That the application of such force violated the Plaintiff's Fourth Amendment Rights.

**ANSWER**: Upon information and belief, the City denies the alleged use of force and, therefore, denies the remaining allegations contained in this paragraph.

39. That the application of such force caused the Plaintiff personal and pecuniary injuries of a severe and permanent nature for which he expended great sums of money for medical care.

**ANSWER**: Upon information and belief, the City denies the alleged use of force and, therefore, denies the remaining allegations contained in this paragraph.

40. That 42 U.S.C. Se. 1983 allows for the collection of attorney's fees by a plaintiff's attorney from the defendant for a cause of action based on a civil rights violation.

**ANSWER**: The City denies that the allegations contained in this paragraph are an accurate statement of the law and, therefore, denies the remaining allegations contained in this paragraph.

WHEREFORE, the City requests that this Court enter judgment in its favor as to Count I and against Plaintiff and enter any other relief in its favor and against Plaintiff that this Court deems just and proper.

### COUNT II: VIOLATION OF CIVIL RIGHTS THROUGH UNREASONABLE AND UNNECESSARY SEARCH AND SEIZURE OF THE PLAINTIFF'S PERSON AGAINST DEFENDANT UNKNOWN CITY OF CHICAGO POLICE OFFICER AND DEFENDANT UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254

27. Plaintiff re-adopts and re-alleges paragraphs one through twenty-six as though specifically re-stated as paragraphs one through twenty-six of Count II.

**ANSWER**: The City reasserts its answers to the preceding paragraphs one through twenty six (1-26) and incorporates those answers herein, as though fully stated.

28. That at all times relevant there was in effect the Fourth Amendment to the United States Constitution which protects against unreasonable searches and seizures of persons and property.

**ANSWER**: The City admits that the Fourth Amendment prohibits unreasonable searches and seizures, but denies that this paragraph is a complete and accurate statement of the law.

29. That at all times relevant the protections of the Fourth Amendment to the United States Constitution were applied to the states through the Fourteenth Amendment to the United States Constitution.

**ANSWER**: The City admits the allegations contained in this paragraph.

30. This Count is brought pursuant to 42 U.S.C. Sec. 1983, through which the Circuit Court of Cook County may exercise jurisdiction through *Haywood v. Drown*, 556 U.S. 729, 731 (2009).

**ANSWER**: The City admits that this count is brought pursuant to 42 U.S.C. § 1983, but denies that the remaining allegations are a complete and accurate statement of the holding in *Haywood v. Drown*.

31. That 42 U.S.C. Sec. 1983 provides for a cause of action for money damages for violations of individual civil rights protected in the U.S. Constitution when those civil rights are violated by an individual acting on behalf of a state or federal governmental body.

**ANSWER**: The City denies that the allegations contained in this paragraph are an accurate statement of the law and, therefore, denies the allegations contained in this paragraph.

32. That at all times relevant, the Plaintiff acted as a law abiding citizen and refrained from criminal and illegal conduct and any activities which may be construed as criminal or illegal conduct.

**ANSWER**: Upon information and belief, the City denies the allegations contained in this

paragraph.

33. That none of the four police officers, including Defendants UNKNOWN CITY OF CHICAGO POLICE OFFICER and UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254, had sufficient probable cause or sufficient reasonable suspicion of criminal conduct to request that the Plaintiff exit his vehicle, be detained, and be subject to a full search.

**ANSWER**: Upon information and belief, the City denies the allegations contained in this paragraph as to the officer with badge number 254 and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

34. That at no time did the Plaintiff consent to such a search or detention.

**ANSWER**: The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

35. That UNKNOWN CITY OF CHICAGO POLICE OFFICER had no reasonable basis for the detention and search.

**ANSWER**: The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

36. That Defendant UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254 did nothing to prevent the unreasonable and unwarranted search despite his duty to do so as supervisor, and, in fact, encouraged this act by making threats against the Plaintiff and telling him to "shut up."

**ANSWER**: Upon information and belief, the City denies the alleged unreasonable and unwarranted search and denies the remaining allegations contained in this paragraph.

37. That the aforementioned detention and search violated the Plaintiff's Fourth Amendment Rights.

**ANSWER**: Upon information and belief, the City denies the allegations contained in this paragraph.

38. That 42 U.S.C. Sec. 1983 allows for the collection of attorney's fees by a plaintiff's attorney from the defendant for a cause of action based on a civil rights violation.

**ANSWER**: The City denies that the allegations contained in this paragraph are an accurate statement of the law and, therefore, denies the remaining allegations contained in this paragraph.

WHEREFORE, the City requests that this Court enter judgment in its favor as to Count II and against Plaintiff and enter any other relief in its favor and against Plaintiff that this Court deems just and proper.

### COUNT III: STATE LAW CLAIM BATTERY AGAINST DEFENDANT UNKNOWN CITY OF CHICAGO POLICE OFFICER AND DEFENDANT UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254

27. Plaintiff re-adopts and re-alleged paragraphs one through twenty-six as though specifically restated as paragraphs one through twenty-six of Count III.

**ANSWER**: The City reasserts its answers to the preceding paragraphs one through twenty six (1-26) and incorporates those answers herein, as though fully stated.

28. That UNKNOWN CITY OF CHICAGO POLICE OFFICER placed his hands on the Plaintiff in an offensive and excessive way when he searched the Plaintiff's person, removed items from his pockets, and squeezed his testicles with crushing force.

**ANSWER**: Upon information and belief, the City denies the allegations contained in this paragraph.

29. That such touching was not requested, was not consented to, was not welcome, and was not warranted within the aforesaid UNKNOWN CITY OF CHICAGO POLICE OFFICER's powers as a police officer.

**ANSWER**: Upon information and belief, the City denies the allegations contained in this paragraph.

30. That such touching would greatly offend the sensibilities of a reasonable person.

**ANSWER**: The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

31. That Defendant UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR,

BADGE NUMBER 254 did nothing to prevent this battery despite his duty to do so as supervisor and, in fact, encouraged this act by making threats against the Plaintiff and telling him to "shut up."

**ANSWER**: Upon information and belief, the City denies the allegations contained in this paragraph.

32. Such unwarranted and excessive physical contact constitutes a battery which did cause the Plaintiff offense and physical injuries of a permanent, personal, and pecuniary nature for which the Plaintiff expended large sums of money for medical care.

**ANSWER**: Upon information and belief, the City denies the allegations contained in this paragraph.

WHEREFORE, the City requests that this Court enter judgment in its favor as to Count III and against Plaintiff and enter any other relief in its favor and against Plaintiff that this Court deems just and proper.

### COUNT IV: STATE LAW CLAIM ASSAULT AGAINST DEFENDANT UNKNOWN CITY OF CHICAGO POLICE OFFICER AND DEFENDANT UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254

27. Plaintiff re-adopts and re-alleges paragraphs one through twenty-six as though specifically restated as paragraphs one through twenty-six of Count IV.

**ANSWER**: The City reasserts its answers to the preceding paragraphs one through twenty six (1-26) and incorporates those answers herein, as though fully stated.

28. That the defendants, UNKNOWN CITY OF CHICAGO POLICE OFFICER and UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254 both threatened immediate physical and legal harm against the Plaintiff, including:

   a. Deportation;
   b. Filing falsified and fabricated charges of domestic abuse against his wife;
   c. filing falsified and fabricated charges of public intoxication or driving under the influence;
   d. Planting drugs on the Plaintiff and filing falsified and fabricated charges of drug possession against him; and
   e. Spraying him with mace.

**ANSWER**: Upon information and belief, the City denies the allegations contained in this paragraph as directed towards the officer with badge number 254 and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

29. That these threats were made with the intent of intimidating the Plaintiff so that he would not report the improper search and seizure or battery by excessive force discussed in detail in Counts I - III.

**ANSWER**: Upon information and belief, the City denies the allegations contained in this paragraph as directed towards the officer with badge number 254 and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

30. That these threats did in fact intimidate the Plaintiff and lead him to fear for his immediate physical well-being.

**ANSWER**: Upon information and belief, the City denies the allegations contained in this paragraph as directed towards the officer with badge number 254 and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

31. That these intimidating threats constitute assault against the Plaintiff by Defendants, UNKNOWN CITY OF CHICAGO POLICE OFFICER and UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254.

**ANSWER**: Upon information and belief, the City denies the allegations contained in this paragraph as directed towards the officer with badge number 254 and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

WHEREFORE, the City requests that this Court enter judgment in its favor as to Count

IV and against Plaintiff and enter any other relief in its favor and against Plaintiff that this Court deems just and proper.

### COUNT V: FALSE ARREST AGAINST DEFENDANT UNKNOWN CITY OF CHICAGO POLICE OFFICER AND DEFENDANT UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254

27. Plaintiff re-adopts and re-alleges paragraphs one through twenty-six as though specifically restated as paragraphs one through twenty-six of Count V.

**ANSWER**: The City reasserts its answers to the preceding paragraphs one through twenty six (1-26) and incorporates those answers herein, as though fully stated.

28. That during the times relevant, the Plaintiff was removed from his vehicle, searched, handcuffed, and detained by Defendants UNKNOWN CITY OF CHICAGO POLICE OFFICER and UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254.

**ANSWER**: Upon information and belief, the City denies the allegations contained in this paragraph as directed towards the officer with badge number 254 and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

29. That at all times relevant, the Plaintiff acted as a law abiding citizen and refrained from criminal and illegal conduct and any activities which may be construed as criminal or illegal conduct.

**ANSWER**: Upon information and belief, the City denies the allegations contained in this paragraph.

30. That Defendants UNKNOWN CITY OF CHICAGO POLICE OFFICER and UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254 had neither sufficient probable cause nor sufficient reasonable suspicion of criminal conduct to request that the Plaintiff exit his vehicle and be subjected to a full search.

**ANSWER**: Upon information and belief, the City denies the allegations contained in this paragraph as directed towards the officer with badge number 254 and lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

31. That at no time did the Plaintiff consent to such a search or detention.

**ANSWER**: The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

32. That UNKNOWN CITY OF CHICAGO POLICE OFFICER and UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254 had no reasonable basis for the detention and search.

**ANSWER**: Upon information and belief, the City denies the allegations contained in this paragraph as directed towards the officer with badge number 254 and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

33. That during the detention, search, and handcuffing, the Plaintiff was limited in his movements and forced to remain in a fixed area.

**ANSWER**: Upon information and belief, the City admits that at certain times Plaintiff was detained, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

34. That this detention, search, and handcuffing thus constituted a false arrest without a sufficient basis to warrant such a false arrest.

**ANSWER**: Upon information and belief, the City denies the allegations contained in this paragraph.

WHEREFORE, the City requests that this Court enter judgment in its favor as to Count V and against Plaintiff and enter any other relief in its favor and against Plaintiff that this Court deems just and proper.

**COUNT VI: STATE LAW CLAIM RESPONDEAT SUPERIOR AGAINST DEFENDANT**

CITY OF CHICAGO

27. Plaintiff re-adopts and re-alleges paragraphs one through twenty-six as though specifically restated as paragraphs one through twenty-six of Count VI.

**ANSWER**: The City reasserts its answers to the preceding paragraphs one through twenty six (1-26) and incorporates those answers herein, as though fully stated.

28. That during the times relevant, the Defendants UNKNOWN CITY OF CHICAGO POLICE OFFICER and UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254, in committing the acts alleged, were a member of, and agent of, the City of Chicago Police Department, acting within the scope of their employment.

**ANSWER**: Upon information and belief, the City denies the alleged acts as directed towards the officer with badge number 254 and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

29. Defendant City of Chicago is liable for all torts committed by its employees and agents.

**ANSWER**: The City denies that the allegations contained in this paragraph are an accurate statement of the law and, therefore, denies the allegations contained in this paragraph.

WHEREFORE, the City requests that this Court enter judgment in its favor as to Count VI and against Plaintiff and enter any other relief in its favor and against Plaintiff that this Court deems just and proper.

## COUNT VII: STATE LAW CLAIM - INDEMNIFICATION AGAINST DEFENDANT CITY OF CHICAGO

27. Plaintiff re-adopts and re-alleges paragraphs one through twenty-six as though specifically restated as paragraphs one through twenty-six of Count VII.

**ANSWER**: The City reasserts its answers to the preceding paragraphs one through twenty six (1-26) and incorporates those answers herein, as though fully stated.

28. That the law of Illinois provides that public entities are directed to pay any tort judgment for compensatory damages for which the public entities' employees are liable within

the scope of their employment activities.

**ANSWER**: The City admits the allegations contained in this paragraph.

29. Defendants, UNKNOWN CITY OF CHICAGO POLICE OFFICER and UNKNOWN CITY OF CHICAGO POLICE SUPERVISOR, BADGE NUMBER 254, in committing the acts alleged, were a member of, and agent of, the City of Chicago Police Department, acting within the scope of their employment.

**ANSWER**: Upon information and belief, the City denies the alleged acts as directed towards the officer with badge number 254 and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

WHEREFORE, the City requests that this Court enter judgment in its favor as to Count VII and against Plaintiff and enter any other relief in its favor and against Plaintiff that this Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

1. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries or damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

2. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any willful and wanton conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. *See Poole v. City of Rolling Meadows,* 167 Ill.2d 41 (1995).

3. Defendant City is not liable to plaintiff if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109 (1994).

4. To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202 (1994).

5. The City of Chicago is not liable for punitive damages under both 42 U.S.C. § 1983 and state law. See *City of Newport v. Facts Concerts*, 453 U.S. 247, 271 (1981); 745 ILCS 10/2-102.

6. Plaintiff is not entitled to attorney's fees for his state law claims. *See Kerns v. Engelke*, 76 Ill.2d 154, 166, 390 N.E.2d 859, 865 (Ill. 1979); *Miller v. Pollution Control Board*, 267 Ill.App.3d 160, 171, 642 N.E.2d 475, 485 (4th Dist. 1994).

7. Plaintiff is not entitled to punitive damages for his state law claims. *See Currie v. Cundiff*, 870 F. Supp. 2d 581, 585 (S.D. Ill. 2012) (noting that punitive damages are not available for intentional infliction of emotional distress); 745 ILCS 10/2-102.

**JURY DEMAND**

The City demands a trial by jury for issues so triable.

Respectfully submitted,

CITY OF CHICAGO

By: /s/ *Kristin M. Pinkston*
KRISTIN M. PINKSTON
Assistant Corporation Counsel
30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-9212

# CERTIFICATE OF SERVICE

      I hereby certify that on December 23, 2014, I electronically filed the foregoing **DEFENDANT CITY OF CHICAGO'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND** using the CM/ECF system of the United States District Court for the Northern District of Illinois, which has resulted in electronic delivery of the above to the attorneys of record in the above-captioned case.

                                                /s/ *Kristin M. Pinkston*
                                                Kristin M. Pinkston